UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH S. WALKER,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No. C06-5539 FDB

ORDER ON ATTORNEY FEES

       This matter comes before the Court on Plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff initially motioned for an award of $5,270.78 in attorney fees. The parties subsequently stipulated to an amount of $5,000.

       The Ninth Circuit has established that the Equal Access to Justice Act (EAJA) applies in social security cases. Wolverton v. Heckler, 726 F.2d 580 (9th Cir. 1984).

       The EAJA provides in pertinent part as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction over than action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

ORDER - 1

1  unjust.

2  A party can be found to prevail when there is a "material alteration of the legal relationships
3  of the parties," and the material alteration is "judicially sanctioned." <u>Carbonell v. INS</u>, 429 F.3rd
4  894, 898 (9th Cir. 2005). A material alteration of the legal relationships of the parties occurs when
5  one of the parties is required to do something directly benefitting the other party that they would not
6  otherwise have had to do. <u>Id</u>. at 900. A party need not succeed on every claim in order to prevail.
7  Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved
8  some of the benefit sought in bringing suit. <u>Id</u>., nt. 5. A litigant prevails for purposes of awarding
9  EAJA fees without a judicial judgement as long as the action has sufficient "judicial imprimatur." <u>Id</u>.
10 at 899.

11  The Supreme Court has defined the term "substantially justified" as "justified in substance or
12 in the main-that is, justified to a degree that could satisfy a reasonable person." <u>Pierce v.
13 Underwood</u>, 487 U.S. 552, 565 (1988). To be substantially justified, the government must have "a
14 reasonable basis both in fact and in law." <u>Id</u>. at 568. The Ninth Circuit has held that the government
15 must be substantially justified during both the underlying agency action and the litigation itself. <u>Al-
16 Harbi v. INS</u>, 284 F.3d 1080, 1084-85 (9th Cir. 2002). Thus, the government must meet this
17 threshold twice - once with regard to the underlying agency action, and then with regard to its
18 litigation position in the proceedings arising from that action. <u>Kali v. Bowen</u>, 854 F.2d 329, 332 (9th
19 Cir. 1988).

20  The party seeking fees must submit "an itemized statement ... stating the actual time
21 expended and the rate at which fees and other expenses were computed." 28 U.S.C. §
22 2412(d)(1)(B). The appropriate number of hours includes all time "reasonably expended in pursuit
23 of the ultimate result achieved." <u>Hensley v. Eckerhart,</u> 461 U.S. 424, 431 (1983). However,
24 "excessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. <u>Id</u>.
25 at 434. Although the fee applicant bears the burden of documenting the appropriate hours expended,
26 ORDER - 2

1  "the party opposing the fee application has a burden of rebuttal that requires submission of evidence
2  to the district court challenging the accuracy and reasonableness of the hours charged or the facts
3  asserted by the prevailing party in its submitted affidavits."  <u>Gates v. Deukmejian</u>, 987 F.2d 1392,
4  1397-98 (9th Cir. 1993).

5  By Order dated April 2, 2007 this action was remanded to the Social Security Administration
6  for further administrative proceedings.  The Order is fully favorable to Plaintiff and materially
7  advances her position.  The Defendant's position was not substantially justified as defined by the
8  EAJA, and that there are no special circumstances that would make an award in this case unjust.
9  Counsel for plaintiff has filed an affidavit seeking attorney fees totaling $5,270.78., based upon an
10 expenditure of 31.2 hours of attorney's time.  The government and counsel for Plaintiff have now
11 stipulated to an amount of $5,000.00 as an appropriate award.  The Court finds the stipulated
12 amount of fees to resolve this matter to be reasonable.  Plaintiff has provided sufficient itemized
13 statements of how the time was distributed.

14 ACCORDINGLY,

15 IT IS ORDERED:

16 Plaintiff's motion for an award of costs and attorney's fees [Dkt. #23] is **GRANTED**.
17 Attorney's fees in the amount of $5,000.00 are awarded to Plaintiff's counsel.

19 DATED this 10th day of May, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26 ORDER - 3